IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Danny Dwayne Ramey, ) | Case No. 0:25-01355-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| White County Sheriff's Department, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On April 23, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Petition be summarily dismissed without prejudice for failure to comply with a court order. [Doc. 10.] The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 4.] Petitioner has not filed objections and the time to do so has lapsed.[*]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[*] Since the Report was filed, Petitioner has submitted two motions seeking leave to amend the Petition and a declaration. [Docs. 15; 16; 17.] However, as will be explained, those filings do not address the reasoning or recommendation of the Magistrate Judge and are thus not considered objections to the Report, nor do they alter the Report's recommendation.

determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was non-specific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021).  "Even so, when confronted with the objection of a pro se litigant, [courts] must also be mindful of [their] responsibility to construe pro se filings liberally."  *Martin*, 858 F.3d at 245.

2

The Magistrate Judge recommends dismissing this action because Petitioner has failed to comply with the Court's Order to pay the filing fee or to move to proceed in forma pauperis to bring the case into proper form for initial review. [Doc. 10.] Instead of paying the filing fee or moving to proceed in forma pauperis, Petitioner has filed two motions for leave to amend his Petition and a declaration. [Docs. 15; 16; 17.] However, even liberally construing these filings, they fail to address the Report's findings and recommendation. Moreover, Petitioner still has not paid the filing fee or moved to proceed in forma pauperis.

Out of an abundance of caution for the pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is summarily DISMISSED without prejudice, and Petitioner's motions to amend the Petition [Docs. 15; 16] are FOUND AS MOOT.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

3

In this case, the Court concludes that the legal standard for the issuance of a certificate of appealability has not been meet.  Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

May 28, 2025
Columbia, South Carolina